UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

_____

| | |
|---|---|
| In re: ) | Bk. #24-10563-KB |
|     Tricia L. Hicks ) | Chapter 13 |
| ) | |
|          Debtor ) | |
| _____ ) | |
| ) | |
| Steven P. Marshall and Erica A. Marshall ) | |
| ) | |
|          Plaintiff ) | Adv. Pro. 24- |
| v. ) | |
| ) | |
| Tricia L. Hicks ) | |
| ) | |
|          Debtor ) | |
| _____ ) | |

**COMPLAINT TO DENY DEBTOR A DISCHARGE IN BANKRUTPCY
PURSUANT TO 11 U.S.C. §523(a)(6)**

NOW COME the Plaintiffs, Steven P. Marshall and Erica A. Marshall (hereinafter "the

Plaintiffs"), by their attorneys, Victor W. Dahar, P.A., and complain against the Defendant Tricia

L. Hicks, (hereinafter "the Debtor/Defendant"), in the above-referenced Chapter 13 Bankruptcy,

to deny her Discharge Pursuant to U.S.C. §523(a)(6) in the above-referenced Chapter 13

Bankruptcy, and in support of said Complaint state as follows:

**I.     JURISDICTION AND VENUE**

1.     This adversary proceeding is brought under U.S.C. §523(a)(6).

2.     The United States Bankruptcy Court has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. §§157 and 1334, and 11 U.S.C. §523 and Rule 7001 of the

Federal Rules of Bankruptcy Procedure.

1

3.    This is a core proceeding pursuant to Section 28 U.S.C. Section 157(b)(2)(J).

4.    Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. 1409.

5.    Pursuant to Federal Bankruptcy Rule 7008, the Plaintiffs consent to the entry of final orders and/or judgment by the Bankruptcy Court.

## II.    PARTIES

6.    The Plaintiffs are Steven P. Marshall and Erica A. Marshall with an address of 7150 Williams Road, Christiana, TN  37037.  They are unsecured creditors of the Debtor.

7.    The Debtor/Defendant, Tricia L. Hicks, is an individual with a mailing address of 32 Concord Street, Peterborough, NH  03458.

## III.    FACTS

8.    On or about August 19, 2024 (the "Petition Date"), the Debtor/Defendant filed a voluntary Chapter 13 Bankruptcy Petition.

9.    On or about October 3, 2024, the Debtor appeared at the first meeting of creditors under Section 341(a).

10.    The Debtor/Defendant has listed the Plaintiffs as creditors in her Chapter 13 Bankruptcy Petition.

11.    The Defendant owes the Plaintiffs $75,000.00 pursuant to an Order on the Merits and Order dated December 5, 2022 issued by the Hillsborough County Superior Court, Northern District, granting the Plaintiffs a Permanent Injunction and Attorney's Fees and Costs in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528.

2

12.     The Debtor/Defendant continues to violate the Permanent Injunctive Order issued by the Hillsborough County Superior Court – Northern District in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528.

13.     The Superior Court issued its Order for Injunctive Relief in favor of the Plaintiffs Marshall, as a result of the Debtor/Defendant Ms. Hicks' conduct and behavior, and requiring a cessation of the same, that was issued even prior to the five (5) day trial and, after that trial, is now a Permanent Injunction as is indicated in the attached "Order on the Merits" issued on December 5, 2022.  (See attached Exhibit A)

14.     The Debtor appealed the State Court Orders (Delker, J.) to the New Hampshire Supreme Court.  The New Hampshire Supreme Court affirmed Judge Delker's Orders in the entirety without even the necessity of an Oral Argument.

15.     The Orders relate to the Debtor's continuing, deliberate, and harassing conduct relating to the use of the Plaintiffs Marshalls' Right-of-Way with the Debtor's deliberate and harassing conduct being directed at the Marshalls, their tenant, and contractors that had been retained by the Marshalls to perform work related to their property.

16.     Despite the Superior Court's Orders issued in 2020 and 2022 and the New Hampshire Supreme Court affirming the same in the entirety, the Debtor has failed and/or refused to comply with the said Orders.

17.     Pursuant to the Preliminary Injunction issued by the State Court on October 13, 2020 and attached hereto, the Debtor is specifically prohibited, enjoined, and shall not, either directly or indirectly:

3

        A.      Interfere with, impede or obstruct, in any manner, the use of Plaintiff's Right-Of-Way over Debtor's property;

        B.      Maintain, place, install or erect any physical barriers(s), obstruction(s) or impediments(s) to be placed or located on, in or about Plaintiff's Right-Of-Way over Debtor's property, nor cause such to take place;

        C.      Impede, obstruct, interfere with, or harass, Plaintiffs, or their representatives or agents, to include, inter alia, any occupants of Plaintiff's Property or any contractor engaged by Plaintiffs to perform work in or about Plaintiff's Property in regard to their access to, or use of, Plaintiffs' Right-Of-Way over Debtor's Property or otherwise. (See attached Exhibit B)

18.      Subsequent to the Orders issued by the State Court, the Debtor's conduct has been continuing and escalating to include such taking place subsequent to Plaintiffs' efforts to enforce the Court's judgment.

19.      The Plaintiffs had filed a Motion for Contempt against the Debtor in the State Court on or about August 13, 2024 which was stayed as a result of the Debtor's filing for Chapter 13 relief in the Bankruptcy Court.

20.      The Plaintiffs were trying to enforce the State Court's Orders, having also filed a Motion for Real Estate Attachment and a Motion to Compel due to Debtor's refusal to comply with a validly issued and served Subpoena Duces Tecum and Notice of Deposition, all of which have been stayed due to the Debtor's filing for relief under Chapter 13 of the Bankruptcy Code.

**IV.    CAUSE OF ACTION- §523(a)(6)**

21.    The Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 20 referenced herein.

22.    11 U.S.C. §523(a)(6) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

**(6)**  for willful and malicious injury by the debtor to another entity or to the property of another entity;

23.    The Debtor/Defendant is indebted to the Plaintiffs for the sum of $75,000.00 pursuant to the Order of the Hillsborough County Superior Court – Northern District dated December 5, 2022 in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528.

24.    The Debtor/Defendant is liable for the Attorney's Fees and Costs and damages owed to the Plaintiffs as a result of her willful and malicious injury to the Plaintiffs and their property resulting in a Permanent Injunction issued by the Hillsborough County Superior Court – Northern District and the accompanying Attorney's Fees and Costs.

25.    The Debtor/Defendant continues to violate the Permanent Injunctive Order issued by the Hillsborough County Superior Court – Northern District in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528.

26.    The Superior Court issued its Order for Injunctive Relief in favor of the Plaintiffs Marshall as a result of the Debtor/Defendant Ms. Hicks' malicious and willful conduct and behavior.

27.     The Plaintiffs and the Plaintiffs' tenant are very concerned and unsettled by the Debtor/Defendant's continuing and harassing conduct which adversely affects the tenant's life and their family and the Plaintiffs' and their family and the Plaintiffs' efforts to rent or sell their property.  The Debtor/Defendant's conduct is willful and malicious and continues to be willful and malicious causing injury to the property of the Plaintiffs and well as the Plaintiffs.

28.     The Debtor is using her Bankruptcy to prevent the Plaintiffs from enforcing the State Court's Orders and permanent injunction while continuing to violate the State Court's Orders and continue her willful and malicious conduct and harassment of the Plaintiffs and their tenants and continued violation of the State Court's Orders.

29.     The Debtor's continued conduct against the Plaintiffs is intended to or necessarily cause injury to the Plaintiffs under Section 523(a)(6).

30.     The Debtor's continued conduct against the Plaintiffs is an intentional violation of the Court's Permanent Injunction Order issued and dated December 5, 2022.

31.     The Debtor's continued conduct and violation of the Permanent Injunction issued by the State Court is without just cause or excuse pursuant to 523(a)(6).

32.     The Debtor's injury inflicted against the Plaintiffs and their property intentionally and deliberately, and with the intent to cause harm, or in circumstances in which the harm was certain or almost certain to result from the Debtor's act, constitutes willful and malicious conduct under Section 523(a)(6).

33.     The Debtor/Defendant should be denied a discharge of Plaintiffs' claim in the amount of $75,000.00 pursuant to §523(a)(6).

WHEREFORE, Steven P. Marshall and Erica A. Marshall, Plaintiffs, respectfully request that this Honorable Court:

1.      Deny the Debtor/Defendant a discharge pursuant to §523(a)(6);

2.      Find that the Debtor's/Defendant's continued conduct is willful and malicious and violates the Permanent Injunctive Order issued by the Hillsborough County Superior Court – Northern District dated December 5, 2022 in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528.

3.      Find that Order issued by the Hillsborough County Superior Court – Northern District in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528 awarding Attorney's Fees and Costs to the Plaintiffs Steven P. Marshall and Erica A. Marshall in the amount of $75,000.00 is non-dischargeable under 11 U.S.C. §523(a)(6);

4.      Order that the Order issued by the Hillsborough County Superior Court – Northern District in the matter entitled Steven P. Marshall and Erica A. Marshall v. Tricia L. Hicks, Case No.: 216-2020-CV-0528 granting a permanent injunction to the Plaintiffs against the Debtor/Defendant and awarding Attorney's Fees and Costs to the Plaintiffs Steven P. Marshall and Erica A. Marshall in the amount of $75,000.00 is enforceable and non-dischargeable under 11 U.S.C. §523(a)(6);

5.       Grant such other and further relief as is deemed just and appropriate.

Respectfully submitted,
Steven P. Marshall and Erica A. Marshall,
Plaintiffs,
By their Attorneys,

**VICTOR W. DAHAR, P.A.**

Dated: November 27, 2024                    By:/s/ Eleanor Wm. Dahar
                                            Eleanor Wm. Dahar, Esq.
                                            20 Merrimack Street
                                            Manchester, NH  03101
                                            (603)   622-6595
                                            BNH 01784

8